## LITTLEFIELD v. HAM, Constable. (No. 5881.)

(Court of Civil Appeals of Texas. Austin. May 15, 1918.)

EXECUTION ⊚⊃171(2)—RESTRAINING SALE.

Where an execution was issued and a levy made under a final justice court judgment against plaintiff, and after the levy but before sale a writ of garnishment was sued out against him in a suit pending in the county court against his judgment creditor, and plaintiff answered that he was indebted for the amount of the justice court judgment and paid the amount in the registry of the county court, the judgment creditor being insolvent, plaintiff was not entitled to injunction restraining sale, since if he had pleaded such facts in his answer to the writ of garnishment, he would have been entitled to a judgment discharging the writ.

Appeal from District Court, Bell County; F. M. Spann, Judge.

Petition for injunction by W. W. Littlefield against J. A. Ham. Judgment for defendant, and plaintiff appeals. Affirmed.

J. B. Talley, of Temple, for appellee.

JENKINS, J. Appellant filed in the district court of Bell county his petition for injunction, in which he alleged that the A. B. Crouch Grain Company had obtained a final judgment against him in the justice court of precinct No. 1, Bell county, from which no appeal was taken; that execution had been issued on said judgment, and levied by appellee, as constable, on property of appellant; that the same had been advertised for sale, and would be sold by said constable if he was not restrained from doing so. As ground for injunction, he alleged that since the levy, as aforesaid, a writ of garnishment had been

sued out against him in a suit pending against Crouch Grain Company, in the county court, and that he had answered therein that he was indebted to Crouch Grain Company in the amount of the judgment against him in the justice court, and had paid said amount into the registry of the county court; that Crouch Grain Company was insolvent. The district judge granted a temporary injunction. Appellee filed a motion to dissolve said writ, for the reason that the allegations in appellant's petition were insufficient to entitle him to an injunction. The court sustained said motion and dissolved the temporary writ theretofore issued. In this there was no error.

If appellant had pleaded the facts as alleged by him in answer to the writ of garnishment, he would have been entitled to judgment discharging him from said writ.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.